Document Number
004

Case Number
03-C-0193-C

United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz

Filed/Received
05/29/2003 04:57:30 PM CDT

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL W. YODER,

     Plaintiff,


        vs.                             Case No. 03-C-0193-C


WISCONSIN DEPARTMENT OF CORRECTIONS,
a Wisconsin state agency, DAVID M. FORD,
individually and in his official capacity as a Probation and
Parole Agent, RANDY J. FREIHOEFER, individually
and in his official capacity as a Corrections Field Supervisor,
KARA L. RHEINGANS, individually and in her official
capacity as a Probation and Parole Agent,
COLLEEN M. McCOSHEN, individually and
in her official capacity as a Corrections Field Supervisor,
CHRISTOPHER LINDLOFF, individually and in his
official capacity as a Probation and Parole Agent, and
LISA M. KENYON, individually and in her official
capacity as a Corrections Field Supervisor,

     Defendants.

---

## Parties' Joint Rule 26 Report, Discovery Statement, and Preliminary Pretrial Conference Report

---

COMES NOW, plaintiff Daniel W. Yoder, by his attorneys, Shneidman, Hawks &

Ehlke, S. C., by David E. Lasker, Esq., and defendants Wisconsin Department of

Corrections, et al., by their attorneys, Peggy A. Lautenschlauger,  Attorney General,    and

David E. Hoel, Assistant Attorney General, and present the following joint report pursuant to the court's standing order governing preliminary pretrial conferences:

Initial Disclosures:

The parties have agreed that they mutually shall provide the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by delivery or mailing on or before July 9, 2003.

Discovery Plan:

The parties jointly declare their intention to cooperate fully with each other to accomplish full and complete pretrial discovery in an orderly fashion and propose to the court the following discovery plan:

A.      Discovery will be needed on the subjects of liability and damages.

B.      All discovery will be commenced in time to be completed by thirty (30) days prior to trial.  The deadline for completion of pretrial discovery related to dispositive motions shall be the date set by the court as the deadline for making dispositive motions.

C.      There shall be a maximum of 25 interrogatories by each party to any other party.  Responses are due thirty (30) days after service.

D.      There shall be a maximum of 10 depositions by each party unless there is a demonstrated need for more.

E.      Plaintiff shall disclose expert witnesses by September 1, 2003.  Defendant shall disclose expert witnesses by October 15, 2003.  The parties shall provide each other reports from retained experts as required under Rule 26(a)(2).

2

<u>Preliminary Pretrial Conference Report</u>

1. The nature of the case is as follows.  This civil action is brought under 42 U.S.C. §1983 to redress the claimed deprivation of plaintiff's constitutionally-protected rights, by the alleged wrongful acts of the defendants, allegedly depriving him of (1) liberty and property without procedural or substantive due process of law, (2) his right to equal protection of the law, and (3) his rights to associate freely with others and freely practice his Amish religion.  The alleged wrongful actions and deprivations of plaintiff's rights took place on or about October 21, 1994, when plaintiff allegedly was pressured to abandon his political beliefs in order to conform to a state mandated treatment program, and escalating continually to the present, to the point where plaintiff allegedly has been forbidden to live with his family or even see his children and allegedly is being deprived routinely of other basic terms and conditions of parole that a non-Amish parolee would be allowed.  The defendants deny all of the allegations as to both liability and damages.

2. There are no related cases in this court.

3. The factual and legal issues to be resolved at trial include those stated at paragraph numbered 1 above.

4. The parties do not see a possibility of simplifying the issues in this case other than through dispositive motions, and they request that the court set a date for the filing of dispositive motions.  They will cooperate to simplify issues of law and fact wherever possible.

5.      The parties will seek to stipulate to undisputed facts and to the authenticity of documents to the extent possible prior to trial.

6.      At this time the parties do not anticipate the need for obtaining advance rulings from the court on the admissibility of evidence.  However, they do anticipate bringing motions in limine prior to trial.

7.      The parties are unable to anticipate disputes under Fed. R. Ev. 702 until experts are deposed.

8.      The parties do not intend to add new parties to the action.

9.      The parties may wish to amend their pleadings and reserve the right to do so as needed, subject to the court's scheduling order.

10.     The parties estimate that approximately five (5) days will be required to try this case, including jury selection and jury deliberations.

11.     No settlement discussions have taken place.  However, the parties shall remain open to the possibility of settlement as trial preparation progresses.

12.     The parties request that they be given until thirty (30) days before trial for completion of discovery.

Dated and filed electronically on this 29th day of May, 2003.

/s/ _____

David E. Lasker, Esq.

Attorney for Plaintiff


/s/ _____

Assistant Attorney General David E. Hoel

Attorney for Defendants

<u>Certificate of Service</u>

I, David E. Lasker, Esq., hereby certify that on Wednesday, May 29, 2003, I did file a duplicate original by e-mail message with a separate attachment, and serve a true and correct copy by e-mail message with a separate attachment, of the foregoing Parties' Joint Rule 26 Report, Discovery Statement, and Preliminary Pretrial Conference Report, in accord with the courts standing Order dated June 17, 2002 regarding Electronic Document Filing, addressed to:


United States District Court for Western District of Wisconsin as:

ecf.crabb@wiwd.uscourts.gov

and to opposing counsel, Assistant Attorney General David E. Hoel, as:

hoelde@doj.state.wi.us


/s/_____
David E. Lasker, Esq.
dlasker@shneidmanlaw.com

6