Doc. Number 007
Case Number 03-C-0193-C
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz
Filed/Received 12/02/2003 03:27:22 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL W. YODER,

    Plaintiff,

    v.    Case No. 03-C-0193-C

WISCONSIN DEPARTMENT OF
CORRECTIONS, DAVID M. FORD,
RANDY J. FREIHOEFER, KARA L.
RHEINGANS, COLLEEN M. MCCOSHEN,
CHRISTOPHER LINDLOFF, and
LISA M. KENYON,

    Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

The above-named defendants, by their attorneys, Peggy A. Lautenschlager, Attorney General, and Timothy Kiefer, Assistant Attorney General, submit this brief in support of defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## ISSUES PRESENTED

1. Did plaintiff fail to state a claim for which relief can be granted where plaintiff incorrectly brought this action as a 42 U.S.C. §1983 action rather than as a petition for a writ of habeas corpus under 28 U.S.C. 2254?

2. Is the Wisconsin Department of Corrections subject to suit under 42 U.S.C. § 1983?

STATEMENT OF THE CASE AND STATEMENT OF FACTS

The following facts are presented as they are set forth in the complaint, the well-pleaded allegations of which are assumed to be true for the purposes of a motion to dismiss. *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003). The plaintiff is currently on parole following his convictions on two counts of first degree sexual assault of a child. (Complaint, ¶¶ 301, 401.) He brought this suit pursuant to 42 U.S.C. § 1983 against the Wisconsin Department of Corrections as well as the probation and parole agents and the corrections field supervisors assigned to his case. (Complaint, ¶¶ 101, 302-308.) The plaintiff is a member of the Amish religion, and he alleges that the defendants discriminated against him on the basis of his being Amish. (Complaint, ¶¶ 301, 501.) The plaintiff alleges, *inter alia*, that the defendants refused to allow the plaintiff to move to Kentucky (Complaint, ¶¶ 412-414); that the defendants attempted to revoke the plaintiff's parole after the plaintiff allegedly gave candy to a three-year-old child (Complaint, ¶¶ 416-418); and that the defendants revoked the plaintiff's social passes from the halfway house where he was residing. (Complaint, ¶425). He alleges that these actions constituted violations of the due process clause of the 14th Amendment, the equal protection clause of the 14th Amendment, and the freedom of religion clause of the 1st Amendment. (Complaint, ¶501).

STANDARD OF LAW

In considering a motion to dismiss, the court views the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). A motion to dismiss is to be granted only if it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

ARGUMENT

I. THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF BROUGHT THIS ACTION AS A SECTION 1983 ACTION RATHER THAN AS A HABEAS PETITION.

The Seventh Circuit has made it clear that challenges to a probationer's or parolee's conditions of probation or parole are to be brought as a habeas action, not as a section 1983 action. *Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003), *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977). *See also Alonzo v. Rozanski*, 808 F.2d 637 (7th Cir. 1986) (parolee's challenge of probation officer's decision brought as habeas petition). *But see Yahweh v. United States Parole Commission*, 158 F.Supp. 2d 1332, 1338 (S.D. Fla. 2001) (declining to adopt Seventh Circuit's rule).

In *Williams*, the plaintiff sued various parole officials under section 1983 on the grounds that the parole officials had wrongfully prevented him from traveling to the Philippines. The 7th Circuit ruled that Williams failed to state a claim under section 1983 and that his correct remedy was a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The *Williams* court explained its reasoning as follows:

> For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of the confinement come under § 2254. For parolees, the question is more metaphysical, because the "conditions" of parole *are* the confinement. Requirements that parolees stay in touch with their parole officer, hold down a job, steer clear of criminals, or (as in Williams's case) obtain permission for any proposed travel outside the jurisdiction, are what distinguish parole from freedom. It is because of these restrictions that parolees remain "in custody" on their unexpired sentences and thus may initiate a collateral attack while on parole.

*Williams* at 579 (emphasis in original, citations omitted).

In *Drollinger*, which was cited with approval in *Williams*, *see* 336 F.3d at 580, probationer Drollinger challenged as unconstitutional certain conditions of her probation, including the conditions that "she is to attend the church of her choice regularly" and that she was not to "conduct herself in such a manner as to not cause anyone to question whether or not she is violating the law." *Drollinger* at 1223-1224. The 7th Circuit held that Drollinger's claims "must properly be brought by means of a petition for habeas corpus," *Id.* at 1224. On this basis the court affirmed the district court's dismissal of her Section 1983 claims. *Id.* at 1222, 1225, 1227.

The same principles apply here. Yoder, like Williams and Drollinger, seeks an "expansion of the perimeters of his confinement," *Drollinger* at 1225. In Yoder's case these desired freedoms appear to include the freedom to move to Kentucky, the freedom to give candy to three-year-old children, and the freedom to receive halfway house social passes. Whether or not Yoder is entitled to these freedoms is a question to be addressed in a petition for a writ of habeas corpus, not a Section 1983 action. Yoder's complaint should be dismissed for failure to state a claim.

      II.     THE WISCONSIN DEPARTMENT OF CORRECTIONS IS NOT SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

The state is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989), *Burkes v. Klauser*, 185 Wis.2d 308, 352, 517 N.W.2d 503 (1994), *cert. denied*, 513 U.S. 1151 (1995). Therefore, Yoder fails to state a claim for which relief may be granted against the Wisconsin Department of Corrections, and the Wisconsin Department of Corrections must be dismissed as a defendant.

CONCLUSION

This action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated this 2nd day of December, 2003.

Respectfully submitted,

PEGGY A. LAUTENSCHLAGER
Attorney General


TIMOTHY KIEFER
Assistant Attorney General
State Bar #1029008

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8127