Doc. Number   Case Number
                      03-C-0193-C
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz

Filed/Received
12/23/2003 03:55:55 PM CST

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DANIEL W. YODER,

    Plaintiff,

    vs.                                Case No. 03-C-0193-C

WISCONSIN DEPARTMENT OF CORRECTIONS,
a Wisconsin state agency, DAVID M. FORD,
individually and in his official capacity as a Probation and
Parole Agent, RANDY J. FREIHOEFER, individually
and in his official capacity as a Corrections Field Supervisor,
KARA L. RHEINGANS, individually and in her official
capacity as a Probation and Parole Agent,
COLLEEN M. McCOSHEN, individually and
in her official capacity as a Corrections Field Supervisor,
CHRISTOPHER LINDLOFF, individually and in his
official capacity as a Probation and Parole Agent, and
LISA M. KENYON, individually and in her official
capacity as a Corrections Field Supervisor,

    Defendants.

_____

**Plaintiff's Brief in Opposition to
Defendants' Motion to Dismiss**

_____

I.    Plaintiff Has Stated a Claim for Which Relief Can Be Granted under 42 U.S.C. §1983.

    Defendants' motion to dismiss is based upon a misapprehension of the allegations in the Complaint. Defendants contend that the cause of action pled in the Complaint may only be pursued as a petition for a writ of habeas corpus under 28 U.S.C. §2254, and not as a

§1983 claim. However, that contention ignores the explicit allegations of the Complaint and is supported only by cases that are inapposite.

Defendants' reading of the Complaint ignores the contents of ¶101 on page 2 under the heading "Nature of Action." That paragraph makes it unmistakably clear that the action is to redress the deprivation of plaintiff's constitutionally-protected rights and is not directed at plaintiff's immediate conditions of confinement. It reads:

I. Nature of Action

> 101. This civil action is brought under 42 U.S.C. §1983 to redress the deprivation of plaintiff's constitutionally-protected rights, by the wrongful acts of the defendants, depriving him of (1) liberty and property without procedural or substantive due process of law, (2) his right to equal protection of the law, and (3) his rights to associate freely with others and freely practice his Amish religion. The wrongful actions and deprivations of plaintiff's rights took place in Winnebago, Rock, Portage and Columbia Counties of Wisconsin, commencing on or about October 21, 1994, when plaintiff was pressured to abandon his political beliefs in order to conform to a state mandated treatment program, and escalating continually to the present, to the point where plaintiff has been forbidden to live with his family or even see his children and is being deprived routinely of other basic terms and conditions of parole that a non-Amish parolee would be allowed.

Likewise, defendants' arguments also ignore ¶501 on page 17 of the Complaint under the heading "Violations of Law." Just as ¶101 was the only paragraph under the section of the Complaint tailored to identify the nature of the action, ¶501 is the only paragraph under the heading intended to specify the alleged violations of law. It reads as follows:

V. Violations of Law

      501.    The wrongful actions of the defendants, acting under the color and authority of state law, caused plaintiff to be subjected to unlawful discrimination on the basis of his religion and deprived him of constitutionally-protected rights by (1) taking his liberty and property without procedural or substantive due process of law, in violation of the Due Process Clause of the fourteenth amendment to the United States Constitution, (2) depriving him of equal protection of the law, in violation of the Equal Protection Clause of the fourteenth amendment to the United States Constitution, and (3) depriving him of the opportunity to associate freely with others and freely practice his Amish religion, in violation of the first amendment to the United States Constitution, all contrary to and actionable under 42 U.S.C. § 1983.

As authority in support of their argument, defendants erroneously rely upon Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) and Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977). In Drollinger, a probationer brought a civil rights action to challenge as unconstitutional certain specific conditions of her probation, and the court held that a suit challenging the "terms and conditions" of a person "in custody," by virtue of being on probation, constitutes an action for which the appropriate and exclusive remedy falls under the federal habeas corpus statute. 552 F.2d at 1224. However, in explaining its holding, the court referred to the critical distinction between Drollinger and the instant action. Id. The court said, "A prisoner, for example, who is denied access to certain religious publications or legal materials may bring suit under §1983 for violation of his interests protected by the Constitution." Id., *citing* Cooper v. Pate, 378 U.S. 546 (1964) and Houghton v. Shafer, 392 U.S. 639 (1968).

The language employed by the Supreme Court in Cooper applies directly to the instant action. There, the Court said:

3

> The Petitioner, an inmate at the Illinois State Penitentiary, brought an action under . . . 42 U.S.C. §1983 . . ., alleging that solely because of his religious beliefs he was denied permission to purchase certain religious publications and denied other privileges enjoyed by other prisoners. The District Court granted the respondent's motion to dismiss for failure to state a claim on which relief could be granted and the Court of Appeals affirmed. 324 F.2d 165 (C.A. 7th Cir.). We reverse the judgment below. Taken as true the allegations of the complaint, as they must be on a motion to dismiss, the complaint stated a cause of action and it was error to dismiss it.

378 U.S. at 546. On remand, the district court enjoined prison administrators from refusing the plaintiff and other members of his religious sect to communicate by mail and visit with ministers of their faith and further enjoined those administrators from refusing plaintiff and other followers from attending religious services conducted by a recognized minister of their faith. Cooper v. Pate, 382 F.2d 518, 521-22 (7th Cir. 1967). In the 1967 appeal in which the Seventh Circuit affirmed those holdings by the district court, the court stated emphatically: "It is clear that prison authorities must not punish a prisoner nor discriminate against him on account of his religious faith." 382 F.2d at 521. The court also said that the district court was correct regarding the prison officials' denial of plaintiff's right to attend organized religious services conducted by a recognized minister of their faith, while granting that right to other religions, calling it "religious discrimination." Id. at 522.

One of the most significant of the cases truly applicable to the instant action is McCarthy v. Bronson, 500 U.S. 136 (1991). In McCarthy, the issue before the Court was whether a provision in 28 U.S.C. §636 authorizing magistrates to hear matters in the place of district judges includes "cases alleging a specific episode of unconstitutional conduct by prison administrators or encompasses only challenges to ongoing prison conditions." 500 U.S. at 138. Resolution of the issue required the Court to distinguish between the type of

case for which habeas corpus is the proper remedy and the type of case that constitutes a valid claim under §1983. In McCarthy, "petitioner brought suit against various prison officials alleging that, in violation of his constitutional rights, they used excessive force when they transferred him from one cell to another . . . ." Id.

In resolving the issue, the Court keyed on the critical question of whether the purpose of the suit is to pursue a claim for "alleged unconstitutional treatment . . . while in confinement." Id. at 141. The Court stated explicitly that "a §1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Id. at 142. The Court made specific note of Cooper v. Pate, Houghton v. Shafer, and related cases in pointing out that the denial of religious publications, the confiscation of legal materials, and the placement of a prisoner in solitary confinement were all examples of "challenges to specific instances of unconstitutional conduct," even though the Supreme Court itself had previously described them as challenges to "conditions of confinement." Id. Thus, the key question remains whether the purpose of the suit is to redress a constitutional tort.

The very recent case of Williams v. Wisconsin, which is heavily relied upon by defendants in their brief, acknowledged this distinction. Williams, a parolee, brought a §1983 action challenging, as an alleged violation of his right to travel and to marry, a ban on international travel which prevented him from going to the Philippines in order to marry a woman with whom he had been corresponding. In that context, the court said, "the difference between a civil rights action and a collateral attack is easy to describe. Challenges

5

to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under §1983. Attacks on the fact or duration of the confinement come under §2254." 336 F.3d at 579 (citations omitted). Therefore, it is clear that the case at bar states a claim upon which relief can be granted under §1983.

II.     The Wisconsin Department of Corrections Is Subject to Suit under 42 U.S.C. §1983.

While defendants are correct that the Department of Corrections is not a "person" subject to a suit for damages under 42 U.S.C. §1983, plaintiff has not failed to state a claim for which relief may be granted against the department. To the extent that plaintiff Yoder is seeking injunctive and declaratory relief, his action against the Wisconsin Department of Corrections is permitted by §1983. Williams, 336 F.3d at 580-81; Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). We concede that Yoder cannot maintain an action for damages against any of the defendants in their official capacities or against the state agency. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .[, and] [a]s such, it is no different from a suit against the State itself." 491 U.S. at 71. It is not improper to name the agency as a party defendant insofar as injunctive or declaratory relief are concerned.

Conclusion

For the foregoing reasons, plaintiff Daniel W. Yoder requests that the court deny defendants' pending motion to dismiss.

Respectfully submitted,

DANIEL W. YODER, Plaintiff
By:

SHNEIDMAN, HAWKS & EHLKE, S. C.
DAVID E. LASKER, ESQ.
222 West Washington Avenue - Suite 705
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

 /s/
David E. Lasker, Esq.
State Bar No. 1013771

ATTORNEYS FOR PLAINTIFF

Certificate of Service

I, David E. Lasker, Esq., hereby certify that on Tuesday, December 23, 2003, I did file a duplicate original by e-mail message with a separate attachment, and serve a true and correct copy by e-mail message with a separate attachment, of the foregoing Plaintiff's Brief in Opposition toDefendants' Motion to Dismiss, in accord with the courts standing Order dated June 17, 2002 regarding Electronic Document Filing, addressed to:

United States District Court for Western District of Wisconsin as:

ecf.crabb@wiwd.uscourts.gov

and to opposing counsel, Assistant Attorney General David E. Hoel, as:

hoelde@doj.state.wi.us

/s/
David E. Lasker, Esq.
dlasker@shneidmanlaw.com