Doc. Number    Case Number
027            03-C-0193-C
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz

Filed/Received
01/26/2004 04:03:50 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL W. YODER,

    Plaintiff,

    v.                                                 Case No. 03-C-0193-C

WISCONSIN DEPARTMENT OF
CORRECTIONS, DAVID M. FORD,
RANDY J. FREIHOEFER, KARA L.
RHEINGANS, COLLEEN M. MCCOSHEN,
CHRISTOPHER LINDLOFF, and
LISA M. KENYON,

    Defendants.

---

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

The above-named defendants, by their attorneys, Peggy A. Lautenschlager, Attorney General, and Timothy Kiefer, Assistant Attorney General, submit their reply brief in support of defendants' motion for summary judgment.

ISSUES PRESENTED

1. Are the plaintiff's conclusory allegations that he was discriminated against sufficient to create a genuine issue of material fact on his equal protection and first amendment claims?

2. Are the defendants entitled to summary judgment under the doctrine of qualified immunity where the plaintiff has failed to produce any evidence that the defendants violated a clearly established constitutional right?

ARGUMENT

I. THE PLAINTIFF'S CONCLUSORY ALLEGATIONS THAT HE WAS DISCRIMINATED AGAINST ARE INSUFFICIENT TO CREATE A GENUINE ISSUE OF MATERIAL FACT ON HIS EQUAL PROTECTION AND FIRST AMENDMENT CLAIMS.

A. Equal protection claims require a showing of discriminatory effect as well as discriminatory intent.

A valid equal protection claim must allege facts which show that the plaintiff was a member of particular historically disadvantaged group, that the plaintiff was treated differently from other similarly situated persons who were not part of that group, and that a state actor engaged in the disparate treatment at least in part because of the plaintiff's identification with the disadvantaged group. *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216 (7th Cir. 1994). Because the equal protection clause does not deny states the power to treat different classes of persons differently, *Tuan Anh Nguyen v. INS*, 533 U.S. 53, 63 (2001), a plaintiff must show that he is being treated differently from others with whom he is similarly situated. A plaintiff can show that he or she was treated differently than other similarly situated individuals either by naming those individuals or

through the use of statistics. *Chavez v. Illinois State Police*, 251 F.3d 612, 636 (7th Cir. 2001). Derogatory racial remarks or ethnic slurs do not by themselves violate the Constitution. *Sherwin Manor*, 37 F.3d at 1221.

> B. The plaintiff's conclusory allegations that he was discriminated against are insufficient to show that he was treated differently from similarly situated non-Amish sex offenders.

The plaintiff suggests that the defendants engaged in a vast anti-Amish conspiracy and treated the plaintiff more stringently than other sex offenders. (Plaintiff's Opposition Brief at 3.) The plaintiff fails to substantiate this claim because he offers no admissible evidence showing how non-Amish sex offenders were treated by the defendants. Instead, he merely cites his personal suspicions and conclusions to support his claims. For instance, the plaintiff contends that it was standard for offenders to be at the ATTIC facility for no longer than 90 days, (Plaintiff's Proposed Additional Findings of Fact, hereafter PPAFF, at ¶33), and that other residents in his halfway house in Janesville were allowed out of the facility on social passes when they were not looking for jobs. (PPAFF at ¶57.)

These allegations are inadmissible as evidence because they are not based on plaintiff's personal knowledge. The plaintiff does not show how he knows "the standard practice" of ATTIC facility. (PPAFF at ¶33). In addition, he does not show what crimes the other residents were convicted for, the terms of their parole, their religious affiliation

or even whether the defendants were responsible for their release. Hence, the plaintiff's implication that the other residents were "similarly situated" to him is not based on personal knowledge and must be disregarded.

Furthermore, even if admissible, the plaintiff's statements are inadequate to meet the plaintiff's burden of showing that other offenders were similarly situated. Contrary to the requirement of *Chavez*, the plaintiff has not provided the court with the names of the individuals who were treated differently or a valid statistical study. Submission of specific individuals or a detailed statistical study is necessary to enable the court to make an "essentially factual" determination that plaintiff was indeed treated differently than others similarly situated. *Chavez*, 251 F.3d at 636; *see also Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000) (holding that plaintiff must show "meaningful similarity" to prove that he or she was similarly situated person). The plaintiff's evidence, based solely on personal suspicion, does not provide factual details that enable the court to make this determination. Therefore, the plaintiff has failed to show that he suffered discrimination on the basis of his Amish beliefs.

> II. THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY BECAUSE THE PLAINTIFF HAS NOT PRODUCED ANY EVIDENCE THAT THE DEFENDANTS VIOLATED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT.
>
> > A. Subjective intent is irrelevant in determining whether there is qualified immunity.

Evidence concerning a defendant's subjective intent is "simply irrelevant" to the determination of whether there is qualified immunity, because a wholly objective standard is applied. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Davis v. Scherer*, 468 U.S. 183, 191 (1984). Even if a defendant acted out of malice or out of spite, qualified immunity cannot be defeated if the defendant acted in an objectively reasonable manner. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Anderson v. Romero*, 72 F.3d 518, 521 (7th Cir. 1995). An official acts in an objectively reasonable manner as long as his or her conduct does not violate a clearly established statutory or constitutional right. *Harlow v. Fitzerald*, 475 U.S. 800, 818 (1982). If there is a material dispute as to whether an officer's conduct was objectively reasonable, then qualified immunity prevails. *See Saucier v. Katz*, 533 U.S. 194 (2001).

      B.      The plaintiff has failed to show that any of the defendants violated a clearly established constitutional right, and therefore fails to defeat the defendants' qualified immunity.

As employees of the Wisconsin Department of Corrections performing discretionary functions, all of the defendants are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. at 818. Therefore, the plaintiff has the burden of showing the existence of a "clearly established" constitutional right by citing cases that are 'closely analogous' or 'would give a reasonable public official . . . notice that their actions violated a constitutional right.'" *Burkes v. Klauser*, 185 Wis. 2d 308, 338, 517 N.W.2d 503, 516 (1995).

The plaintiff's brief fails to cite any case that is "closely analogous" to the current situation. The cases cited simply reiterate the general preposition that a person does not entirely forfeit his or her constitutional rights by the fact of imprisonment. *See* plaintiff's brief at 11-12. The plaintiff's theory appears to be that the defendants are not entitled to qualified immunity because their subjective intent was to discriminate against the plaintiff based on his religion, and religious discrimination is clearly unconstitutional. *Id.* at 13.

This theory is flawed because the plaintiff assumes away an essential element of his claim, namely that the defendants committed an act that objectively violated a clearly established constitutional right. As discussed in Section I of this brief, the plaintiff does not offer any admissible evidence that he was treated differently from non-Amish sex offenders. Nor does he identify any case holding that requiring an Amish person to fulfill the same requirements as other parolees (e.g., getting a job and getting photographed for sex offender registry) violated any constitutional right. Because the plaintiff's argument rests on a unsupported legal conclusion, it cannot establish an objective violation of a clear constitutional right.

To the contrary, numerous cases support the objective reasonableness of the defendants' acts. In *Employment Division Dept. of Human Resources of Oregon v. Smith*, 495 U.S. 872 (1990), the United States Supreme Court stated that there is no need to make religious exceptions if the law is neutral and generally applicable. *See also City of Boerne v. Flores*, 521 U.S. 507 (1997) (overruling part of the Religious Freedom Restoration Act that required a compelling state interest for neutral and generally

applicable statutes). Therefore, the defendants were under no clear constitutional requirement to make a religious exception in their policies.

In addition, the Supreme Court has frequently recognized that parole officers have a broad discretion in designing or enforcing parole conditions, *Cabell v. Chavez-Salido*, 454 U.S. 432 (1982), and that a parolee has more limited constitutional rights than a free citizen. *United States v. Knights*, 534 U.S. 112 (2001). Further, even assuming, *arguendo*, that Defendant Rheingans' alleged remarks regarding the Amish were derogatory, it is well established that derogatory remarks or slurs do not by themselves violate the Constitution. *Sherwin Manor*, 37 F.3d at 1221.

The plaintiff has not submitted any "closely analogous" case law that show that the defendants violated a clear constitutional right. Therefore, the plaintiff has failed to meet his burden to overcome the defendants' qualified immunity. *See Burkes*, 185 Wis. 2d at 338 (holding that plaintiff has burden to show that a clearly established constitutional right was violated).

CONCLUSION

The defendants' motion for summary judgment should be granted. Judgment should be entered in favor of the defendants on all claims brought by the plaintiff and the plaintiff's claims should be dismissed with prejudice.

Dated this 26th day of January, 2004.

Respectfully submitted,

PEGGY A. LAUTENSCHLAGER
Attorney General


/S/
TIMOTHY KIEFER
Assistant Attorney General
State Bar #1029008

Attorneys for Defendants

Research assistance provided by law student Sol Kim, University of Wisconsin Law School.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3187